IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH WAYNE HUNTER, ) | |
| ID # 13034945, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:14-CV-1894-B-BH |
| ) | |
| CRAIG WATKINS, District Attorney. et al. ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se prisoner action has been referred for judicial screening. Based on the relevant filings and applicable law, the plaintiff's claims against the officer should be **STAYED**, and his remaining claims should be summarily **DISMISSED** with prejudice.

**I. BACKGROUND**

Joseph Wayne Hunter (Plaintiff), an inmate in the Dallas County Jail, filed this action under 42 U.S.C. § 1983 against Dallas County District Attorney Craig Watkins (DA), and Dallas Police Department Officer O. Hampton (Officer). (doc. 3 at 1, 3-4.)[1] He later filed an amended complaint adding Assistant District Attorney Bree West (ADA) as a defendant. (doc. 9 at 1, 4.) On January 20, 2015, he was granted leave to amend his complaint to name Tameka Austin (Complainant), LaSheawn Rose, Damirus Cooks, and Victor Kelly (collectively Witnesses) as defendants. (doc. 21.)

Plaintiff is charged with aggravated assault/serious bodily injury/with a deadly weapon/family violence in case number F13-56295, before the 265th Judicial District Court of

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Dallas County, Texas. (doc. 7[2] at 5; doc. 8 at 8.) He claims that the DA filed a "false and uncredible [sic] police report, [subjected him to] defamation of character [and] knowingly attempted to conspire against [him]" by presenting false information to a grand jury. (doc. 3 at 3; doc. 7 at 1.) The Officer allegedly presented a false police document to the court to support his arrest, and defamed his character in the process. (doc. 3 at 3; doc. 7 at 2.)  The ADA allegedly did not file the case against him within 10 days after his incarceration, presented false information to a grand jury, attempted to conspire against him, used a false witness against him, and is withholding evidence from his attorney. (doc. 9 at 4.) Plaintiff also alleges that the Complainant lied about him being "the shooter" and told "enormous amount of lies under oath", and that the Witnesses "lied to have seen anything" because their "story [did] not collaborate", and that they were part of a conspiracy. (doc. 16.) Finally, Plaintiff appears to allege that the Complainant gave the Officer a sworn statement claiming that he was the suspect, and that there were three eyewitnesses. (doc. 16.)  Plaintiff seeks to have his pending case dismissed and other related cases removed from his record, and he seeks compensatory damages of $100,000 from each defendant. (doc. 7 at 6; doc. 9 at 3.)

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  Because he is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua*

---

[2]  Plaintiff's answers to the Magistrate Judge's questionnaire are construed as an amendment to his complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

2

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.  SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.**  **Claims for Habeas Relief**

Plaintiff seeks to challenge the validity of his pending criminal case and be released from jail. (Compl. at 4; MJQ Ans. 6.). Habeas relief is an inappropriate remedy in a § 1983 action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner cannot challenge the fact

or duration of confinement. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, so he fails to state a cause of action upon which relief may be granted on his claim requesting that his pending criminal case be dismissed.

**B.     Claims against the Prosecutors**

Plaintiff sues the DA and ADA based on their roles as prosecutors in the criminal case that he seeks to challenge.

*1.     Official Capacity Claim*

To the extent that Plaintiff is suing the DA and ADA in their official capacities, an official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Hafer v. Melo*, 502 U.S. 21, 26–27 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

When acting in their official prosecutorial capacities, Texas district attorneys and assistant district attorneys are considered agents of the State, which is immune from claims for damages under the Eleventh Amendment. *Neinas v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir.1997); *Quinn v. Roach*, 326 Fed. App'x 280, 292-293 (5th Cir. May 4, 2009). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[3]  "The Eleventh

---

[3]  Although courts and litigants often use "Eleventh Amendment immunity" as a "convenient shorthand", the phrase is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *N. Ins. Co. of N.Y. v. Chatham County, Ga.*, 547 U.S. 189, 193 (2006) (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

Amendment acts as a jurisdictional bar to a suit in federal court against a state or one of its agencies. This immunity applies unless it is waived by consent of a state or abrogated by Congress." *See Curry v. Ellis Cnty., Tex.*, 2009 WL 2002915, at *3 (N.D. Tex. July 10, 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984)). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit nor has Congress abrogated the immunity by enacting 42 U.S.C. § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Any official capacity claim against the DA and ADA is based on actions they took in an official capacity as an agent of the State of Texas. Accordingly, any § 1983 official capacity claims against them should be dismissed as frivolous because the State of Texas is immune from suit.

   *2.   Individual Capacity Claim*

To the extent that Plaintiff sues the DA and ADA in their individual capacities, prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). While the Supreme Court has recognized that a prosecutor has only qualified immunity with respect to his or her administrative and investigative duties, *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993), Plaintiff in this case has made no allegation that the DA and ADA acted other than in an adjudicative role as a prosecutor.

Plaintiff claims that the DA filed a false information with the grand jury, and knowingly and intentionally attempted to conspire to provide false information against him. He claims the ADA failed to file charges against him timely, gave false information to a grand jury, attempted to

5

conspire against him and use false witnesses at trial, and is withholding evidence from her attorney. A prosecutor is entitled to absolute immunity for acts taken to initiate prosecution, even against allegations that he acted "maliciously, wantonly, or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987), *citing Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985). Even the alleged suppression of exculpatory evidence by a prosecutor is shielded by absolute immunity. *Cousin v. Small*, 325 F.3d 627, 636 (5th Cir. 2003).

Because all of the acts of which Plaintiff complains against either the DA or ADA were taken during the course and scope of their duties as a prosecutor, the DA and ADA are each entitled to prosecutorial immunity.[4] *See Imbler*, 424 U.S. at 423. Plaintiff's § 1983 individual capacity claims against them should be dismissed.

**C.    Claims against the Officer**

Plaintiff also sues the Officer based on his role in the prosecution. (doc. 7 at 2.)

*1.    Official Capacity Claims*

To the extent that Plaintiff sues the Officer in an official capacity, his claims are essentially against the City of Dallas, Texas. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Section 1983 does not allow a municipality to be held vicariously liable for its officers' actions on a theory of respondeat superior. 42 U.S.C.A. § 1983*; see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520

---

[4] On September 24, 2014, Plaintiff submitted copies of exhibits H and I. (*See* doc. 15). Exhibit I is a copy of the ADA's application for issuance of a subpoena in his criminal case. Exhibit H is a response to his inquiry to the State Bar of Texas' Office of Chief Disciplinary Counsel, referring to their case "201404867 Joseph Wayne Hunter - Bree Davis Boulware." Plaintiff claims that the documents show that the ADA is practicing law with a name "other than the name given to the State Bar of Texas." (Doc. 15 at 1.) Even considering these documents, Plaintiff has identified no actions by the ADA that are outside the scope of her role as a prosecutor.

6

U.S. 397, 403 (1997); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978).[5] Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. *Monell*, 436 U.S. at 691–95; *McClure v. Biesenbach*, 355 Fed. App'x 800, 803-04 (5th Cir. 2009). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691–95.)

Plaintiff is expressly not alleging an official policy or custom that resulted in a violation of his rights. (doc. 7 at 4.) He has therefore failed to state a claim for municipal liability, and any § 1983 claims against the Officer in an official capacity should be dismissed.

### 2. *Individual Capacity Claims*

Plaintiff's claims against the Officer concern his allegedly false arrest of Plaintiff and presentation of false information to support the indictment. As of June 6, 2014, Plaintiff had been indicted for aggravated assault serous bodily injury with a deadly weapon family violence in Cause No. F13-56945, but had not yet gone to trial. (doc. 7 at 5; *see also* www.dallascounty.org, search Plaintiff's criminal record). As noted above, Plaintiff challenges the validity of the pending indictment against him and seeks its dismissal as well as monetary compensation.

In *Heck v. Humphrey*, the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

---

[5] Municipal liability analysis also applies to Texas counties. *See Prince v. Curry*, No. 10-10294, 2011 WL 1659493, at * 3 n. 3 (5th Cir. Apr. 28, 2011); *Brady v. Fort Bend County*, 145 F.3d 691 (5th Cir. 1998).

a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). "[T]he *Heck* determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter*, 100 Fed. App'x. 321, 323 (5th Cir. June 14, 2004).

*Heck* does not extend to cases where a plaintiff files a civil rights action challenging his arrest before any conviction. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see also DeLeon v. Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (noting that the Supreme Court in *Wallace* refused to extend *Heck*'s application to pending criminal matters). In *Wallace*, the Supreme Court stated that:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Id.* at 393-94.

Here, Plaintiff essentially alleges that he was falsely arrested because the Officer prepared a false police document in order to have him arrested and engaged in a conspiracy to file a false criminal case against him. (doc. at 3; doc. 7 at 2.) A claim of false arrest would necessarily imply the invalidity of a conviction. *See Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir.1996). Because a conviction on the pending state criminal charge would implicate *Heck*, the appropriate action is to stay Plaintiff's remaining claims against the Officer pending the resolution of the criminal charges against him. *See Profit v. Ouachita Parish*, 411 F. App'x 708, 709 (5th Cir. 2011) (noting with

approval that the district court had stayed a civil case attacking the legality of a detainee's arrest, prosecution, and detention pending the resolution of the criminal charges); *Banks v. Gammon*, 2008 WL 2404967, slip op. at *3 (N.D. Tex. June 29, 2008 (staying a claim of false imprisonment made by a pretrial detainee).

D. **Claims against the Complainant and Witnesses**

Plaintiff also appears to sue the Complainant and three Witnesses based on their testimony under oath in court. (doc. 16.)

   *1.   Absolute Immunity*

The Supreme Court has repeatedly made clear that in the § 1983 context, "a trial witness has absolute immunity with respect to any claim based on the witness' testimony." *Rehberg v. Paulk*, ---U.S. —, 132 S.Ct. 1497, 1506 (2012) (citing *Briscoe v. LaHue*, 460 U.S. 325, 332-33 (1983)). This is because "a witness' fear of retaliatory litigation may deprive the tribunal of critical evidence [and] ... the possibility of civil liability [is] not needed to deter false testimony at trial because other sanctions ... provide[ ] a sufficient deterrent." *Id*. at 1505 (citing *Briscoe*, 460 U.S. at 342 ). The Fifth Circuit Court of Appeals has explained the "'reason for granting absolute immunity to a witness against claims arising from testimony 'applies with equal force in both trial and [adversarial] pretrial settings.'" *Moffett v. Bryant,* 751 F.3d 323, 326 (5th Cir. 2014) (citing *Moore v. McDonald*, 30 F.3d 616, 619 (5th Cir. 1994) (internal quotations omitted).

According to Plaintiff, the Complainant and Witnesses gave testimony under oath in court, subject to criminal liability for perjury, and were available for cross-examination. Because they were testifying as a witnesses in an adversarial proceeding, they are absolutely immune from § 1983 liability, and any claims against them based on their court testimony should also be dismissed.

9

### *2.   Heck Bar*

Plaintiff also alleges that the Complainant and the Witnesses attempted to conspire with the Officer, and that the Complainant lied in a sworn statement to the Officer. (doc. 16.)  The Complainant's statement to the officer is not protected by absolute immunity. *See Keko v. Hingle*, 318 F.3d 639, 643 (5th Cir.2003) (there is an exception to absolute immunity when a witness is a "complaining witness," which is defined as one who "instigates, encourages, or continues the prosecution[.]").

Plaintiff's remaining claims against the Complainant and Witnesses would necessarily imply the validity of the charges pending against him.  As discussed, because a conviction on the pending state charge would implicate *Heck,* the appropriate action as to these claims is also to stay them pending resolution of the criminal charges against Plaintiff.

### IV.  RECOMMENDATION

Plaintiff's claims against the DA, ADA, and against the Complainant and Witnesses for lying under oath, should be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  His remaining claims against the Officer, the Complainant and the Witnesses should be **STAYED**.  The Clerk of the Court should be **DIRECTED** to mark this action CLOSED for statistical purposes.  The Court should retain jurisdiction and order that the case may be reopened upon motion of the Plaintiff filed after the pending criminal charges are no longer pending.  Any such motion should be filed within the statutory period of limitations for Plaintiff's claims, or within sixty days of the date the criminal charges are no longer pending, whichever date is later.

**SIGNED this 22nd day of January, 2015.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE